```
                                              United States District Court
                                              Southern District of Texas
                                                     ENTERED
         IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF TEXAS          JUL 25 2000
              CORPUS CHRISTI DIVISION
                                              Michael N. Milby, Clerk of Ct
```

| | | |
|---|---|---|
| THOMAS STEVE HIGGS, | § | |
| TDCJ # 488767 | § | |
| V. | § | C.A. NO. C-00-089 |
| | § | |
| GARY JOHNSON | § | |

## ORDER FOR SERVICE OF PROCESS

Pursuant to 28 U.S.C. § 2254, et seq., and the Rules Governing Section 2254 Cases in the United States District Courts, it is ORDERED:

1. Petitioner's application to proceed *in forma pauperis* (D.E. 2) is granted.

2. Preliminary examination of petitioner's application for a writ of habeas corpus establishes that summary dismissal is not warranted.

3. Gary Johnson is the proper respondent to this application for writ of habeas corpus. See Rule 2(a), Rules Governing Section 2254 Cases.

4. **The Clerk of the Court shall issue summons and the U.S. Marshal shall serve copies of the petition (Instrument #1) and this Order to Andy Taylor, First Assistant Attorney General.**

5. Respondent shall file his answer within thirty (30) days of his receipt of the petition.

6. Respondent's answer shall contain: (a) a statement of authority by which petitioner is held, and if held under the judgment of any court(s), the name of such court(s) and the number and style

of the case(s) in which same were entered; (b) the offense(s) and sentence(s); (c) a specific response to each factual allegation and legal contention with applicable authority; (d) a statement as to whether petitioner has exhausted all state remedies, either by appeal or collateral attack; and (e) a statement indicating what transcripts of pretrial, trial or plea, sentencing and post-conviction proceedings are available (or which may later be available) and when they can be furnished, and what proceedings have been recorded and not transcribed.

7. Respondent's answer shall be accompanied by the following documents relating to the conviction(s) of the court which petitioner attacks: (a) copies of the indictment(s), judgment(s), sentence(s), and order(s) pursuant to which petitioner is being held; (b) if petitioner appeals from the judgment or conviction or from any adverse judgment or order in a post-conviction proceeding, a copy of the petitioner's brief on appeal and a copy of the judgment on appeal, the statement of facts on appeal, the opinion(s) of the appellate courts or a reference to where it or they may be found in the reporters; (c) if petitioner has collaterally attacked the judgment of conviction or order in a post-conviction proceeding, a copy of petitioner's application for collateral relief including all answers and judgments rendered as a result; and (d) a copy of only such portions of the transcripts respondent considers relevant for the proper resolution of the action.

8. Respondent shall file any dispositive motions, including a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, within one hundred and twenty (120) days after the date that respondent's answer is due. Petitioner will respond to any motion filed by respondent within forty-five (45) days of the date on which respondent mailed petitioner his copy of the additional pleadings, as shown by respondent's certificate of service. Failure of the petitioner to respond to respondent's motion within the time limit will, if appropriate, result in granting of summary judgment in favor of respondent.

9. It is further ordered that each party shall serve the other party, or his counsel, with a copy of every pleading, motion, or other paper submitted to the Court for consideration. Service shall be by mail to the other party. Every pleading, motion, or other document filed with the Clerk of the Court shall be signed by at least one attorney of record in his individual name, whose address shall be stated, or if the party is proceeding pro se, by said party, with address likewise stated. In the case of the pro se party, only signature by the pro se party will be accepted. If a layman signs a pleading, motion, or other document on behalf of the pro se party, it will not be considered by the Court.

Furthermore, every pleading, motion, or other document shall include on the original a signed certificate stating that the date a true and correct copy of the pleading, motion, or document was mailed

and to whom mailed. Failure to mail a copy thereof as certified by the certificate will subject that party to sanctions by the Court. Sanctions may include, but are not limited to, automatic striking of the pleading, motion, or other document.

10. There will be no direct communication with the United States District Judge or Magistrate Judge. Communications must be submitted to the Clerk of the Court with copies to the other party. See Rules 5(a) and 11 of the Federal Rules of Civil Procedure.

ORDERED this 24 day of July, 2000.

_____
JANE COOPER-HILL
UNITED STATES MAGISTRATE JUDGE

-4-

B.  **PLAINTIFF *versus* DEFENDANTS-DUGAT**

    1.    **"Jones Act" Negligence**

    **(a)**    As a seaman and member of the crew of the M/V AMANDA, Plaintiff was within that class of persons protected by 46 U.S.C.A. §688, *et seq.*, known as the "Jones Act," which is cumulative of and supplemental to the General Maritime Law of the United States, the protection of which Plaintiff enjoys simply by virtue of his status as a seaman attached to and in the service of an identifiable vessel or fleet of vessels.

    **(b)**    Plaintiff was injured because of the negligence of Defendants-DUGAT in the way the vessel (as Plaintiff's workplace) was manned and operated, as described in the preceding paragraphs.

    **(c)**    Plaintiff's injuries were caused/inflicted without any contributing fault or neglect on his part, and solely because of the negligence of Defendants-DUGAT, their agents, servants, employees, representatives, or others for whom these Defendants are legally responsible.

    **(d)**    The negligent acts and omissions of Defendants-DUGAT were and are a proximate cause of the injuries and damages made the basis of this lawsuit.

    2.    **"Maintenance" & "Cure"**

As Plaintiff was injured in the course and scope of his maritime employment by and for the M/V AMANDA and/or its owner(s), the General Maritime Law of these United States provides that the Plaintiff was and is entitled to receive "maintenance" and "cure" from the vessel and/or its owner.

C.  **PLAINTIFF *versus* DEFENDANTS-PARKER and/or -UNKNOWN OPERATOR**

    1.    The Plaintiff was injured because of the negligence of Defendants-PARKER and/or -UNKNOWN OPERATOR in the method or manner in which the bay rig in question was inspected,

5

maintained, serviced and/or operated, as described hereinabove.

2. Plaintiff's injuries were caused without any contributing fault or neglect on his part, and solely because of the negligence of Defendants-PARKER and/or -UNKNOWN OPERATOR, their agents, servants, employees, representatives, or others for whom these Defendants are legally responsible.

3. The negligent acts and/or omissions of Defendants-PARKER and/or -UNKNOWN OPERATOR were and are a proximate cause of the injuries and damages sustained by the Plaintiff.

## VI.
## DAMAGES

### A. GENERAL

1. By reason of the foregoing, Plaintiff has sustained painful and permanent injuries to his mind and body.

2. As a result of the Defendants' conduct, as alleged, Plaintiff seeks to recover those damages provided by law, which include, but are not limited to, the reasonable and necessary medical expenses incurred by him to date; the reasonable and necessary medical expenses to be incurred by him in the future; physical pain and suffering that he has experienced in the past and will, in all reasonable probability, experience in the future; mental anguish that he has experienced in the past and will, in all reasonable probability, experience in the future; physical disfigurement; inconvenience; loss of earnings in the past; loss of wage earning capacity in the future; loss of physical capacity other than wage earning capacity; loss of life's enjoyments; and any and all other damages to which he may be entitled.

### B. "MAINTENANCE" & "CURE"

1. Under the General Maritime Law of these United States, Plaintiff was and is entitled

6

to receive adequate and timely "maintenance" and "cure" from the vessel and/or its owner, and he now asserts his right to receive said adequate and timely maintenance and cure.

2. Adequate maintenance has not been paid to Plaintiff.

3. Upon the facts of this case, Plaintiff asserts his right to adequate maintenance in the amount of Forty Dollars ($40.00) per day, to be paid until such time as Plaintiff has achieved "maximum cure" from the injuries made the basis of this lawsuit.

4. In addition, the vessel and/or its owner has/have failed and refused to provide adequate and timely "cure" in the manner required by the General Maritime Law of these United States. As a result of vessel's and/or its owner's failure and refusal to pay adequate and timely cure benefits, Plaintiff has suffered great hardship, including, but not limited to, an exacerbation of the physical and mental injuries alleged herein.

5. This failure and refusal to provide adequate and timely maintenance and cure to Plaintiff was and is wilful, arbitrary and capricious in nature.

C. **ADDITIONAL DAMAGES, ATTORNEY'S FEES & EXPENSES**

Because of the vessel's and/or its owner('s') wilful, arbitrary and capricious failure and refusal to pay adequate and timely maintenance and cure, Plaintiff is required to proceed to Court on the issue of maintenance and cure and ask for additional damages, reasonable attorney's fees and expenses.

## VII.
## DEMAND FOR TRIAL BY JURY

Plaintiff respectfully requests a TRIAL BY JURY, on all issues so triable.

## VIII.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that citation be issued and served upon Defendants in the form and manner prescribed by law, requiring Defendants to appear and answer herein, and that, upon final hearing hereon, Plaintiff have

1. Judgment against Defendants, for actual damages, including maintenance and cure;

2. Pre-judgment interest, at the legal rate;

3. Post-judgment interest, at the legal rate;

4. Costs of Court;

5. Costs of Suit; and

6. All such other and further relief to which Plaintiff may be justly entitled, including, without limitation, attorney's fees and expenses.

Respectfully submitted,

R. BLAKE BRUNKENHOEFER, P.C.
American Bank Plaza
711 N. Carancahua, Suite 1000
Corpus Christi, Texas 78475
Tel: (361) 888-6655
Fax: (361) 888-5855

_____
R. Blake Brunkenhoefer
State Bar No. 00783739
Southern District of Texas No. 15559

8

## CERTIFICATE OF SERVICE

I, R. Blake Brunkenhoefer, do hereby certify that a true and correct copy of the above and foregoing PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT was served, in the manner indicated, upon

Judith Y. Robertson      <u>C.M./R.R.R. #7099 3220 0001 4295 4991</u>
PARKER DRILLING OFFSHORE
U.S.A., L.L.C.
11011 Richmond Ave., Suite 500
Houston, Texas 77042

in accordance with Rule 5 of the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas, on this the 2nd day of June, 2000.

_____
R. Blake Brunkenhoefer

9