United States District Court
Southern District of Texas
FILED

DEC 26 2000

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| *THOMAS STEVE HIGGS,* Petitioner, | § | |
| | § | |
| *V.* | § | CIVIL ACTION NO. C-00-89 |
| | § | |
| *GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,* Respondent. | § | |

**RESPONDENT JOHNSON'S MOTION FOR SUMMARY JUDGMENT WITH BRIEF IN SUPPORT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES respondent Gary L. Johnson, Director, Texas Department of Criminal Justice, Institutional Division, ("the Director"), by and through the Attorney General of Texas, and files this Respondent Johnson's Motion For Summary Judgment with Brief in Support. The Director would respectfully show the court the following:

## I.

## JURISDICTION

The court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254.

## II.

## DENIAL

The Director denies every allegation of fact made by petitioner, Thomas Steve Higgs, ("Higgs"), except for those allegations supported by the record and for those allegations specifically admitted in this motion.

## III.

## STATEMENT OF THE CASE

The Director has lawful custody of Higgs pursuant to a judgment and sentence from

19.

the 194th District Court of Dallas County, Texas, in cause number F88-83070-RM. Exhibit A (copy of commitment inquiry). Higgs pleaded guilty to burglary of a building. Exhibit A. On July 28, 1988, the court accepted Higgs's plea, found him guilty of the charged offense, and assessed punishment at ten years confinement. Exhibit A.

A procedural history of any appeal or applications for state writ of habeas corpus challenging the conviction is not necessary for the resolution of the instant petition because the holding conviction is not at issue. Rather, Higgs is challenging his prison disciplinary proceeding number 20000017924 from September 20-21, 1999, wherein he was found guilty of possessing an alcoholic beverage. Exhibit B (copy of TDCJ-ID disciplinary report and hearing record) at 2. As punishment, Higgs received forty-five days recreation restriction, forty-five days commissary restriction, thirty days cell restriction and a reduction of 319 days of good time credits. Exhibit B at 2.

Higgs subsequently challenged the disciplinary action claiming generally that he was denied the right to present a witness and that the evidence was not sufficient to support a guilty finding. Exhibit C (copy of inmate grievance forms) at 2, 5. Higgs's grievances were denied on November 4, 1999, and again on December 7, 1999. Exhibit C at 2, 6.

## IV.

## RECORDS

Complete trial court records pertaining to Higgs's holding conviction are not necessary to resolve this matter and will not be forwarded to the court. Copies of the records pertaining to Higgs's prison disciplinary proceeding are attached to this motion as exhibits. Finally, the disciplinary hearing tape will be forwarded to the court as soon as it is reproduced.



ClibPDF - www.fastio.com

## V.

## PETITIONER'S ALLEGATIONS

As grounds for relief, the Director understands Higgs to make the following allegations regarding disciplinary case number 20000017924:

1. He was denied the opportunity to cross-examine the charging officer.

2. He was denied the right to call a witness (Officer Glew).

3. The hearing officer was impartial.

4. The evidence was not sufficient to support a guilty finding.

5. He was denied his right to appeal because the grounds for denying his step 2 grievance were those articulated in the step 1 denial.

6. His double jeopardy rights are being violated by the taking away of 319 days of good time credits as punishment.

7. An abuse of discretion occurred during his step 2 grievance.

8. His state created liberty interests were violated.

Fed. Writ Petition at 4-6.

## VI.

## EXHAUSTION OF STATE REMEDIES

The Director believes that Higgs has adequately exhausted the available state administrative remedies with regard to the complaints raised in this petition. Exhibit C. The Director, therefore, does not move for dismissal for failure to exhaust state remedies.

## VII.

## MOTION FOR SUMMARY JUDGMENT WITH BRIEF IN SUPPORT

### Standard of review

A party moving for summary judgment bears the burden of informing the court of the basis for the motion and identifying pleadings and other record evidence that demonstrate



ClibPDF - www.fastio.com

the absence of any genuine issues of material fact. FED. R. CIV. P. 56(c); *Howell Hydrocarbons, Inc. v. Adams*, 897 F.2d 183, 191 (5th Cir. 1990) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986)). If the moving party makes the required showing, then the burden shifts to the nonmoving party to show that summary judgment is not appropriate. *Id.*; *Fields v. City of South Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991). A party opposing a properly supported motion for summary judgment must present "significant probative" evidence indicating that there is a triable issue of fact; however, if the evidence is not significantly probative, then summary judgment should be granted. *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-250, 106 S. Ct. 2505, 2510 (1986).

After reviewing the relevant case law and disciplinary records, this court should grant the Director's motion for summary judgment because Higgs fails to prove that his constitutional rights have been violated in the disciplinary hearing as a matter of law.

Prison disciplinary proceedings do not form part of a criminal prosecution, and, therefore, "the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S. Ct. 2963, 2975 (1974). Prisoners, however, "do not forfeit all constitutional protections by reason of their conviction and confinement in prison." *Bell v. Wolfish*, 441 U.S. 520, 545, 99 S. Ct. 1861, 1877 (1979); *see Turner v. Safley,* 482 U.S. 78, 84, 107 S. Ct. 2254, 2259 (1987) (recognizing that prison walls do not separate inmates from their constitutional rights). Indeed, "maintaining institutional security and preserving internal order and discipline are essential goals that may require limitation or retraction of the retained constitutional rights" of convicted prisoners. *Bell*, 441 U.S. at 546, 99 S. Ct. at 1878. As a result, courts must accord "wide-ranging deference" to the adoption and execution of policies and practices that are needed "to preserve internal order and discipline and to maintain institutional security" in prisons. *Id.* at 547, 99 S. Ct. at 1878.

The Supreme Court has specifically ruled that prison disciplinary proceedings:



ClibPDF - www.fastio.com

> "...take place in a closed, tightly controlled environment peopled by those who have chosen to violate the criminal law and who have been lawfully incarcerated for doing so. Some are first offenders, but many are recidivists who have repeatedly employed illegal and often very violent means to attain their ends. They may have little regard for the safety of others or their property or for the rules designed to provide an orderly and reasonably safe prison life. Although there are many varieties of prisons with different degrees of security, we must realize that in many of them the inmates are closely supervised and their activities controlled around the clock. Guards and inmates co-exist in direct and intimate contact. Tension between them is unremitting. Frustration, resentment, and despair are commonplace."

*Wolff*, 418 U.S. at 561-562, 94 S. Ct. at 2977. It is with this scenario in mind that this court must make its constitutional judgments, remembering that "the proceedings to ascertain and sanction misconduct themselves play a major role in furthering the institutional goal of modifying the behavior and value systems of prison inmates sufficiently to permit them to live within the law when they are released." *Id.* at 562-63, 94 S. Ct. at 2978.

**A. Higgs's Due Process Rights Were Not Violated. (Claim #1 and #2)**

Higgs claims that his due process rights were violated because he was denied the right to cross-examine the charging officer and to call a witness (Officer Glew). Fed. Writ Petition at 7. However, the record clearly shows that Higgs was accorded all his due process protections. Therefore, because Higgs received all of the due process to which he is entitled under *Wolff*, his claim is without merit and should be dismissed.

The touchstone of due process is freedom from arbitrary governmental action. *Wolff*, 418 U.S. at 558, 94 S. Ct. at 2976. In this context, constitutional due process requires that a prison inmate be provided with: (1) advanced written notice of the disciplinary charges; (2) an opportunity to call witnesses and present documentary evidence when the presentation is not unduly hazardous to institutional safety and correctional goals; and (3) a written statement by the fact finder of the evidence relied upon and the reason for the disciplinary

action. *Id.* at 563-567, 2978-2980. The findings of the prison disciplinary board must be supported by "some facts" or "any evidence at all". *Gibbs v. King,* 779 F.2d 1040, 1044 (5th Cir. 1986).

Higgs was given all the due process required by *Wolff.* First, on September 16, 1999, Higgs was notified of the hearing. Exhibit B at 2. The disciplinary report shows that the hearing was begun four days later on September 20, 1999. Exhibit B at 2. Higgs was provided with a counsel-substitute to aid in his defense at the disciplinary hearing. Exhibit B at 2. Second, Higgs was aware of the charges against him, and he had the opportunity to present relevant evidence in his defense. Exhibit B at 2, 7. The hearing record indicates that Higgs did not request at the time of his notification of the disciplinary hearing any witnesses be called or any documentary evidence be submitted. Exhibit B at 7; Hearing Tape ("HT") 2.5.[1] At the hearing, Higgs was able to make a statement in his defense and question the charging officer. Exhibit B at 9; HT 1.8-2.4, 5.4-6.6. Third, Higgs was provided with a written statement of the evidence relied upon and the reason for the disciplinary action. Exhibit B at 2. The disciplinary report shows that Higgs was found guilty of possessing an alcoholic beverage and that the hearing officer relied upon the charging officer's report and the charging officer's statement in person. Exhibit B at 2. Further, the report states that the reason for the punishment was "due to the seriousness." Exhibit B at 2.

Additionally, Higgs has fully pursued the two-step Offender Grievance Procedure. Exhibit C at 2-6. Higgs's first grievance was denied on November 4, 1999, because no procedural errors were noted and because the evidence was sufficient to support a guilty verdict. Exhibit C at 3. Higgs's second grievance was denied on December 7, 1999, for the reasons articulated in the first grievance. Exhibit C at 6. Higgs is now simply unhappy with

---

[1] Hereinafter, Hearing Tape will be referred to as "HT" followed by numeric reference to the exact location on the tape.



ClibPDF - www.fastio.com

the results of the proceedings. Higgs received all the due process to which he was entitled under *Wolff.* As a result, his claim lacks merit and must be denied.

**1. Higgs's cross-examination claim is meritless and must fail. (Claim #1)**

Higgs claims that he was denied the right to cross-examine the charging officer. Fed. Writ Petition at 4. The hearing report and tape show that Higgs was indeed allowed to cross-examine the charging officer during the hearing. Exhibit B at 9; Hearing Tape ("HT") 5.4-6.6.[2] Thus, Higgs's claim is completely unfounded. Regardless, this claim may not form the basis for federal habeas corpus relief because it does not raise a due process violation since there is no right to cross-examination in the first place in prison disciplinary hearings. *See Wolff*, 418 U.S. at 567-68, 94 S. Ct. at 2980 (We think that the Constitution should not be read to impose the procedure [cross-examination] at the present time and that adequate bases for decision in prison disciplinary cases can be arrived without cross-examination.). As a result, Higgs's claim must be dismissed.

**2. Higgs's denial of a witness claim must fail. (Claim #2)**

Higgs claims that his due process rights were violated because he was denied the right to call a witness (Officer Glew) at his hearing. Fed. Writ Petition at 4. However, Higgs's due process rights were not violated because the witness was determined to be unnecessary given the fact that the charging officer testified and identified Higgs as the person who admitted to possessing the alcoholic beverage. Therefore, this claim must fail.

The hearing record indicates that at the time Higgs was notified about the disciplinary hearing Higgs did not request any witnesses be called to attend the hearing. Exhibit B at 7; HT 2.5. However, at the end of the hearing Higgs requested that Officer Glew be called as

[2] Hereinafter, Hearing Tape will be referred to as "HT" followed by numeric reference to the exact location on the tape.

a witness. Exhibit B at 9. The hearing officer refused to call the witness because the charging officer had already testified and identified Higgs as the offender. HT 7.5-7.6. Therefore, the hearing officer determined that any testimony from Officer Glew would be unnecessary. Further, given the fact that Officer Glew was the investigating officer, who determined that informal resolution was not appropriate in this matter, there is no reason to believe that he would have contradicted the charging officer's testimony. Exhibit B at 4. As a result, the witness testimony would have been merely cumulative evidence, which the hearing officer was already able to consider. Therefore, Higgs's claim that his due process rights were violated because he was not allowed to call a witness must fail.

**B. Higgs's claim that the hearing officer was impartial is without merit and must fail. (Claim #3)**

Higgs claims that his rights were violated because the hearing officer was impartial. Fed. Writ Petition at 5. However, there is nothing in the record to support this claim. Exhibits B, C. Therefore, because unsupported allegations do not warrant habeas corpus relief, this claim must fail.

Higgs alleges that his hearing officer was impartial, but Higgs presents nothing more than his unsubstantiated statements. Thus, Higgs is not entitled to relief on this claim because conclusory allegations, unsupported by the record, do not warrant federal habeas relief. *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983). As a result, Higgs's claim is completely lacking in merit and must fail.

**C. Higgs's insufficiency claim is completely lacking in merit and must fail. (Claim #4)**

Higgs claims that the evidence was insufficient to support a guilty finding. Fed. Writ Petition at 5. However, as discussed above in Part VII., A., *supra*, there was ample evidence to support the hearing officer's findings of guilt; therefore, this claim lacks merit and must be rejected.



ClibPDF - www.fastio.com

The Director need only show that there was "some evidence" to support the hearing officer's findings that Higgs violated prison disciplinary rules. *Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445, 454, 105 S. Ct. 2768, 2773 (1985). Further, the Fifth Circuit has held that disciplinary determinations "will not be disturbed unless they are arbitrary and capricious." *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995); *Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir. 1981), *cert. denied*, 455 U.S. 992, 102 S. Ct. 1619 (1982). Due to the needs of prison security and protection, even "anonymous and merely generalized accusations [can] form the sole basis for disciplinary action against a prison inmate." *Rabalais*, 659 F.2d at 544-45. Thus, so long as there is "any evidence at all," to support the disciplinary hearing officer's findings, the result of the hearing will be upheld. *Id.* at 545.

The disciplinary hearing officer had sufficient evidence on which to base his findings. The Disciplinary Report and Hearing Record shows that the hearing officer found Higgs guilty of the offense because of the charging officer's report and the charging officer's statement in person at the hearing. Exhibit B at 2. Accordingly, Higgs's claim must fail.

**D. Higgs's claims pertaining to his Step 2 appeal are without merit and must fail. (Claim #5 & #7)**

Higgs claims that his right to appeal was denied because the grounds for denying his Step 2 grievance were addressed in the Step 1 grievance. Fed. Writ Petition at 6. Further, Higgs claims that this action of referring to the response in the Step 1 grievance was an abuse of discretion. Fed. Writ Petition at 6. However, because the Step 2 grievance shows that it was considered and denied on December 7, 1999, Higgs's claim is simply unfounded. Exhibit C at 6. Further, this claim does not raise a due process concern, thus, it must be rejected.

Higgs indeed received review of his claims in both a Step 1 grievance and again in his Step 2 grievance. Exhibit C at 3, 6. Higgs has not shown that he is constitutionally

entitled to have different reasons articulated in his Step 2 grievance from his Step 1 grievance. As a matter of fact, Higgs's claim must also fail because it does not raise a due process concern. The only due process protections that Higgs is entitled to are those enunciated in *Wolff*. Further, it has already been shown that all due process protections were provided in Higgs's hearing. *See* Discussion Part VII. A., *supra*. Therefore, because Higgs has failed to raise a claim that is a due process concern, Higgs cannot show that his due process rights were violated. Accordingly, this claim is meritless and must fail.

**E. Higgs's double jeopardy claim is wholly lacking in merit and must be dismissed. (Claim #6)**

Higgs claims that his double jeopardy rights are being violated by the taking away of 319 days of good time credits as punishment. Fed. Writ Petition at 6. However, given the fact that a guilty finding in a disciplinary hearing is not a conviction, there is no way for double jeopardy to apply. *See Story v. Collins*, 920 F.2d 1247, 1251 (5th Cir. 1991) (The Texas Department of Criminal Justice, Institutional Division is not a state court, and the application of good conduct time is not a judgment.). As a result, this claim is wholly lacking in merit and must be dismissed.

**F. Higgs's claims pertaining to state created liberty interests fail to raise a due process violation and thus must be dismissed. (Claim #8)**

Higgs claims that his state created liberty interests were violated. Fed. Writ Petition at 6. However, this claim fails to raise a due process violation. Exhibits B, C. Therefore, this claim lacks merit and must fail.

Higgs's claims pertaining to having his state created liberty interests violated fail to raise a due process concern. Fed. Writ Petition at 6. The only due process protections that Higgs is entitled to are those enunciated in *Wolff*. Further, it has already been shown that all due process protections were provided in Higgs's hearing. *See* Discussion Part VII. A., *supra*. Therefore, because Higgs has failed to raise a claim that is a due process concern,

Higgs cannot show that his due process rights were violated. Accordingly, this claim is meritless and must fail.

## VIII.

## CONCLUSION

WHEREFORE PREMISES CONSIDERED, the Director respectfully requests that this court summarily dismiss Higgs's petition with prejudice.

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

MICHAEL T. McCAUL
Deputy Attorney General
for Criminal Justice

ROSS RAYBURN
Assistant Attorney General
Chief, Habeas Corpus Division

DENISE A. VILLARREAL*
Assistant Attorney General
State Bar No. 24008212
Southern D. No. 25314

P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 936-1400
(512) 936-1280 (Fax)

ATTORNEYS FOR RESPONDENT

*Attorney in Charge

## NOTICE OF SUBMISSION

To: Thomas Steve Higgs, petitioner, you are hereby notified that the foregoing motion will be brought before the court as soon as the business of the court permits.

DENISE A. VILLARREAL
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, Denise A. Villarreal, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing Respondent Johnson's Motion for Summary Judgment with Brief in Support has been served by placing same in the United States mail, postage prepaid, on this the 22nd day of December of 2000, addressed to:

Thomas Steve Higgs
TDCJ-ID No. 488767
McConnell Unit
3001 S. Emily Dr.
Beeville, TX 78102

DENISE A. VILLARREAL
Assistant Attorney General



ClibPDF - www.fastio.com

# A

ClibPDF - www.fastio.com

```
CSIMF800/INI801              COMMITMENT INQUIRY              05/10/00 14:18:43
INMTCICS/LSA2470 /V201  Tl  -ID NO: 00488767 SIDNO: 02644310
 NAME: HIGGS,THOMAS STEVE          APPL:        STATUS: A RK ML L3   #OFF: 01
 OLD TDC#:           CNTY CONV: 057                                   70TH
 OFF-REC:      2212 PRJ RL: 10-13-2002 REC:    08-15-1988 MAX-TERM:   10Y  0M  0D
 PEN-REC: 030.020 MAX-EX: 09-04-2003 BEGIN: 06-03-1988 PAR-ELIG: 04-14-1995
                                                       INMATE TYPE: ID
    OFFCD: 22120000 BURG BUILD                                          70TH
     PENAL:030.020  MS:Y PLEA:G CAUSE:F88-83070-RM       CNT:       OFF:06-03-1988
     CC  CNTY OFF:057  CNTY/CRT:057 194 MAX TERM:  10Y  0M  0D   BEG:06-03-1988
     MIN EXP:10-13-2002 MAX:09-04-2003 PAR ELIG:04-14-1995 SENTENCED:07-28-1988
     OFF TDCNO: 00488767                                     CTO DATE 01-01-0001

PF7:UP,PF8:DOWN,PF2:TOP OF LIST,OR NEXT REQUEST/TDC ________ OR SID ________
END OF OFFENSES; ALL OFFENSES HAVE BEEN DISPLAYED
```

ClibPDF - www.fastio.com

B

ClibPDF - www.fastio.com

# AFFIDAVIT

THE STATE OF TEXAS §
COUNTY OF TYLER §

BEFORE ME, Christy Tarver, on this day personally appeared Robert L. Ott, known to me, to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

"My name is Robert L. Ott. I am over twenty-one years of age, of sound mind, capable of making this Affidavit, and personally acquainted with the facts herein stated.

I am employed as the Senior Warden at the Gib Lewis Unit of the Texas Department of Criminal Justice-Institutional Division, and my office is located in Woodville, Texas. I do hereby certify that I am the custodian of records maintained in the regular course of business on each and every inmate incarcerated at the Gib Lewis Unit of the Texas Department of Criminal Justice-Institutional Division.

I have reviewed business records within the file on inmate Thomas Higgs, TDCJ Number 488767. I hereby certify that the attached copy of complete inmate Disciplinary hearing records, Case Number 2000017924, offense date 9/15/99, hearing date 9/21/99, is a true and correct copy of the original records now on file in my office and in my custody. I further certify that the records attached hereto are maintained in the usual and regular course of business at the Gib Lewis Unit of the Texas Department of Criminal Justice, Institutional Division, and that such records are maintained on each and every inmate confined here. All memoranda, reports, records or data compilations kept therein are made at or near the time by, or from information transmitted by, a person with knowledge of events, acts, conditions, opinions or diagnosis described. These records are kept in the course of practice of this institution to make such memoranda, reports, records or data compilations.

In witness whereof, I have hereto set my hand this the 16 day of October, 2000."

Signature
Robert L. Ott
Senior Warden
Title
Gib Lewis Unit
Texas Department of Criminal Justice-Institutional Division

Given under my hand and seal of office this 16 day of October, A.D. 2000.

My Commission Expires
October 19, 2003

NOTARY PUBLIC STATE OF TEXAS
CHRISTY J. TARVER
Commission Expires 10-19-2003

Christy Tarver
NOTARY PUBLIC in and for the State of Texas

UNIT: ML HSNG: 8L32 63 JOB: ML CC UTILITY IQ: 077
CLASS: L3 CUST: CC PRIMARY LANGUAGE: ENGLISH MHMR RESTRICTIONS: NO
GRADE: MA / NDJ OFF.DATE: 09/15/99 03:18 AM LOCATION: ML 8 BUILDING
TYPE: ID 3/15/00

OFFENSE DESCRIPTION

ON THE DATE AND TIME LISTED ABOVE, AND AT 8 BLDG L POD 1 SECTION 2 ROW, OFFENDER: HIGGS, THOMAS STEVE, TDCJ-ID NO. 00488767, DID POSSESS AN ALCOHOLIC BEVERAGE.

CHARGING OFFICER: SALAZAR, R. SHIFT/CARD: 2 A

OFFENDER NOTIFICATION - IF APPLICABLE INTERPRETER,

TIME & DATE NOTIFIED 0840 9-16-99 BY:(PRINT) B. Hunter CSI
YOU WILL APPEAR BEFORE A HEARING OFFICER 24 HOURS OR MORE AFTER RECEIPT OF THIS NOTICE. DO YOU WANT TO ATTEND THE HEARING? YES NO IF NO, HOW DO YOU PLEAD? GUILTY NOT GUILTY
OFFENDER NOTIFICATION SIGNATURE: Thomas L Higgs DATE: 9-16-99
BY SIGNING BELOW, YOU GIVE UP YOUR RIGHT TO 24 HOUR NOTICE AND AUTHORIZE THE HEARING OFFICER TO PROCEED WITH THE HEARING
OFFENDER WAIVER SIGNATURE: Thomas L Higgs DATE: 9-16-99

HEARING INFORMATION

HEARING DATE: 9-20-99 9-21-99 TIME: 11:48 6:24 TAPE#: ML 425 ML 126 SIDE#: B A START#: 455 END#: 2411
TAPE#: ______ SIDE#: ______ START#: ______ END#: ______

EXPLAIN BELOW BY NUMBER: (1)IF COUNSEL SUBSTITUTE WAS NOT PRESENT DURING PART OF HEARING, (2)IF ACCUSED OFFENDER WAS CONFINED IN PRE-HEARING DETENTION MORE THAN 72 HOURS PRIOR TO HEARING, (3) IF ACCUSED WAS EXCLUDED FROM ANY PART OF THE EVIDENCE STAGE, (4) IF ANY WITNESSES OR (5) DOCUMENTATION WAS EXCLUDED FROM HEARING (6) IF OFFENDER WAS DENIED CONFRONTATION AND/OR CROSS-EXAMINATION OF A WITNESS AT THE HEARING (7) IF INTERPRETER USED:(SIGNATURE ______):
Reset to contact charging officer. 9-20-99.

OFFENSE CODES: 13.0
OFFENDER PLEA: (G, NG, NONE) NG
FINDINGS: (G, NG, DS)
REDUCED TO MINOR(PRIOR TO LOCKET) __ (DOCKET) __ (HEARING) __ BY:(INITIAL) ______
IF GUILTY, EVIDENCE PRESENTED, CONSIDERED, AND REASON(S) FOR DETERMINATION OF GUILT: A)ADMISSION OF GUILT, B)OFFICER'S REPORT, Charging officer statement
EXPLAIN IN DETAIL: in person

PUNISHMENT

LOSS OF PRIV(DAYS) 45 REPRIMAND.............. ______ SOLITARY(DAYS)...... X
*RECREATION(DAYS) 45 EXTRA DUTY(HOURS)........ ______ REMAIN LINE 3........ 3/4
*COMMISSARY(DAYS) 45 CONT.VISIT SUSP THRU __/ 30 - REDUC.CLASS FROM __ TO 3/4
*PROPERTY(DAYS).. ______ CELL RESTR(DAYS)......... ______ GOOD TIME LOST(DAYS). ______
*______(DAYS).. ______ SPECIAL CELL RESTR(DAYS). ______ DAMAGES........$______.___
SPECIFIC FACTUAL REASON(S) FOR PARTICULAR PUNISHMENT IMPOSED: Due to seriousness

CREDIT FOR PRE-HEARING DETENTION TIME? YES(DAYS) N/A NO / NA 7.
DATE PLACED IN PRE-HEARING DETENTION: N/A HEARING LENGTH ______(MINUTES)
OFFENDER SIGNATURE FOR RECEIPT OF FINAL REPORT: [signature]
Capt. [signature]
HEARING OFFICER (PRINT) WARDEN STATE CLASS.COMMITTEE MEMBER
(FORM 1-47MA)CONTACT COUNSEL SUBSTITUTE IF YOU DO NOT UNDERSTAND THIS FORM.
(REV. 06-90) COMUNIQUESE CON SU CONSEJERO SUSTITUTO SI NO ENTIENDE ESTA FORMA 2

| Informal Resolution App? | | |
|---|---|---|
| Officer | Y | (N) |
| Supervisor | Y | (N) |

TEXAS DEPARTMENT OF CRIMINAL JUSTICE

# OFFENSE REPORT

| Case No. 17924 | | |
|---|---|---|
| MHMR Rest? | Y | (N) |
| PHD | Y | (N) |

(1) TDCJ-No. 488767 (2) Offender Higgs Thomas (Last Name, First) (3) Unit ML

(4) Housing Assign: 8 Bldg L pod 63 (5) Job Assignment: ML Utility

(6) Offense Level; Code Title: Level 2 Code 13 USE OR Possession OR Distilling of alcohol

OFFENSE DESCRIPTION: On 9/15/99 (7) Date at 3:18 (8) Time (AM)/PM, and at 8 Bldg L pod 1 section 2 row (9) Enter Specific Location

Offender Higgs, Thomas TDCJ No. 488767

did possess an alcoholic beverage.

(10) Additional Information: On the date of 9/15/99 I, R Salazar CO III, was assigned to work L pod. At about the time of 0318 my picket officer informed that there was an Offender who had a jug with a liquid substance in it, and was acting suspicious. My picket officer then informed me that Offender Higgs, TDCJ# 488767 went and placed the jug in one section on 2 row steps. When I went to investigate the jug I realized that the jug was full of home made alcohol.

SEP 15 1999

(Continue on additional sheet if necessary)

(11) Witnesses: None

(12) Accusing Officer/Employee: Printed Name/Rank Rafael A. Salazar

(13) Signature: [signature] (14) Shift/Card 2nd A (15) Date 9-15-99 (16) Time 0318

(17) Approving Supervisor's Printed Name: [signature] (18) Date 09-15-99

(19) Grading Official (Print) N D Jacks (20) Rank Major (21) Date 9/15/99

(22) Grade: (Circle One) IR UP MI (MA) (23) Justification to override Informal Resolution:



ClibPDF - www.fastio.com

# PRELIMINARY INVESTIGATION REPORT

This report is to be completed on each Offense Report for review by the grading official. The purpose of this report is to obtain any other pertinent information about the incident prior to grading the Offense Report. The Preliminary investigation should not be completed by the charging officer or a person involved in the incident.

Offender: Higgs, Thomas TDCJ No. 488767

Date & Time Investigation started: 9-15-99 0530

1. ELEMENTS OF CHARGE. Does the offense description support the elements of each charge (the things that had to be done in order to commit an offense). If "No," have charging officer add needed information.

Offense Code 13: Yes [ ✓] No [ ] Offense Code ______: Yes [ ] No [ ]
Offense Code ______: Yes [ ] No [ ] Offense Code ______: Yes [ ] No [ ]

2. ADDITIONAL INFORMATION. Has the charging officer included supporting information or evidence to supplement the standardized pleading such as items listed below? (Write "Yes," "No," or "NA" [not applicable] by each item).

No a. listing other witnesses to the incident,
Yes b. documentary evidence, e.g., photographs of contraband, etc.
Yes c. additional information about the offense.

3. ACCUSED OFFENDER states that: (Print interpreter's name if applicable):

"No statement"

4. ACCUSING OFFICER states that: Offender Higgs had and was trying to [illegible] the alcohol

5. WITNESS STATEMENTS (List employee or offender; attach statements to report): None

6. DOCUMENTATION. Documents reviewed (lay-ins, appointments, medical records, etc.)
☐ Lay-ins, ☐ Roster, ☐ Medical Records, ☐ Picture, ☐ Other (List & attach to report)

None

Name of Investigating Officer (Print): [illegible] Rank: Sgt. Date & Time Investigation Completed: 9-15-99 0530

7. INFORMAL RESOLUTION was not appropriate or not possible because:

these kind of acts will not be tolerated

Approving Supervisor's Printed Name: [signature] Rank: Lieutenant Date: 09-15-99

4





ClibPDF - www.fastio.com




CSDSP005 T.D.C.J. - INSTITUTIONAL DIVISION 09/15/99
ML - ML11 MAJOR GRADING REPORT 09:05:40
PAGE 1

TDCNO: 00488767 NAME: HIGGS,THOMAS STEVE GOOD TIME: 0000 01 25
CLASS: L3 DSP CUSTODY: CC WORK TIME: 0000 10 19
RESTRICTIONS: RECREATION: 09/21/99

**** LAST 180 DAYS CONVICTIONS

| OFF DATE | HEAR DATE | REPORT NUMBER | OFF CODE | DESCRIPTORS | LVL | ***PENALTY(S)*** REP/SOL/CLASS/ | TIME/XD/CR/PR/CV |
|---|---|---|---|---|---|---|---|
| 072999 | 080499 | 19990360768 | 23.0 | | 2 MA G X | R L3 | 30 45 |
| | | | 27.0 | | 2 MA G | | |
| 061599 | 062499 | 19990311120 | 24.2 | | 2 MA G | R L3 | 30 45 |
| 032199 | 040599 | 19990214660 | 24.0 | | 2 MA G X | R L3 | 45 |
| | | | 23.0 | | 2 MA G | | |

END OF CONVICTIONS FOR LAST 180 DAYS

***** PENDING CASES

| OFF DATE | CASE NUMBER | OFF CODE | DESCRIPTORS | GRADE | DISPOSITION |
|---|---|---|---|---|---|
| 041099 | 19990238948 | 24.0 | | UP | UNPROSECUTED |
| 091599 | 20000017924 | 13.0 | AP | | |

END OF PENDING CASES

6

CSDSP040 T.D.C.J. 1999/09/15
ML - ML49 SERVICE INVESTIGATION WORK SHEET 15:21:46

CASE#: 20000017924, TDCJ # 00488767, NAME: HIGGS,THOMAS STEVE ,
CURRENT UNIT: ML, HOUSING: 8L32 63 , CLASS: L1, CUSTODY: CC, TYPE: ,
OFFENSE DATE: 091599, TIME: 03 : 18 AM, LOCATION: ML 8 BUILDING ,
CHARGING OFFICER: SALAZAR, R. , SHIFT/CARD: 2/A,
OFFENSE CODES: A) 13 . 0, B) . , C) . , D) . ,
DESCRIPTORS: A) AP , B) , C) , D) ,
PLEA: A) NG , B) , C) , D)
CLERK RCVD: 091599, SERVICE LAPSE DATE: 101599 , SERVICE DATE: 9-16-99
CS ASSIGNED: B. Hunter CSI ,

COUNSEL SUBSTITUTE HAS BEEN APPOINTED BECAUSE:

A. ACCUSED IN ANY FORM OF SEGREGATION
(B.) EA BELOW 5.0 IQ BELOW 73
C. LITERACY IS QUESTIONABLE
D. ACCUSED HAS DIFFICULTY UNDERSTANDING ENGLISH
E. ACCUSED HAS REQUESTED COUNSEL SUBSTITUTE
F. ACCUSED HAS REQUESTED WITNESS WHO CAN NOT ATTEND THE HEARING
(G.) COMPLEXITY OF CASE WARRANTS COUNSEL SUBSTITUTE

A. OFFICER'S REPORT CLEARLY DESCRIBES THE INCIDENT IN QUESTION: YES ✓ NO
B. CHARGES LISTED WERE REVIEWED WITH REFERENCE TO TDCJ DISCIPLINARY RULES AND PROCEDURES: YES ✓ NO
C. OFFENSE DESCRIPTION IN REPORT SUBSTANTIATES EACH OF THE ALLEGED OFFENSES WERE VIOLATED: YES ✓ NO
IF NO, EXPLAIN:

| 1. THE ACCUSED WAS INFORMED OF THE FOLLOWING RIGHTS: | YES | NO |
|---|---|---|
| A. TO CALL AND QUESTION WITNESSES | ✓ | |
| B. TO PRESENT DOCUMENTARY EVIDENCE | ✓ | |
| C. TO BE REPRESENTED BY COUNSEL SUBSTITUTE | ✓ | |
| D. TO CALL AND QUESTION THE CHARGING OFFICER AT THE HEARING | ✓ | |
| E. THE ACCUSED STATES HE/SHE UNDERSTANDS REPORT, CHARGES AND RIGHTS | ✓ | |
| F. THE ACCUSED STATES HE/SHE WISHES TO ATTEND HIS/HER HEARING | ✓ | |

2. THE ACCUSED REASONS AND/OR DEFENSE: I didn't ~~Ha~~ ~~to~~ have any alcohol beverage.

I have no witnesses I will call them at hearing

A. REQUESTED WITNESSES: None

B. REQUESTED DOCUMENTARY EVIDENCE: None

CS-10.11A REVISED 04/99

7



CSDSP040 T.D.C.J 1999/09/15
ML - ML49 SERVICE INVESTIGATION WORK SHEET 15:21:46

CASE#: 20000017924, TDCJ # 00488767, NAME: HIGGS,THOMAS STEVE ,

3. THE ACCUSED REASONS AND/OR DEFENSES HAVE BEEN LOGICALLY AND SYSTEMATICALLY INVESTIGATED AS FOLLOWS:

A. 9-15-99, REVIEW CASE:
B. 9-16-99, INTERVIEW ACCUSED:
9-16-99 Interviewed charging officer

9-16-99 CONCLUDE INVESTIGATION

4. ON 9-16-99, THE CHARGING OFFICER WAS PRESENTED WITH A SUMMARY OF THE INVESTIGATION TO INCLUDE THE ACCUSED STATEMENT. THE CHARGING OFFICER WAS ASKED IF HE/SHE WANTED TO MAKE ANY ADDITIONAL STATEMENTS NOT INCLUDED IN THE REPORT. It was him another offender had it when Sgt took him out to the door he admitted it was his. I did see him pass it around we just needed to find out whos it was and he claimed it. I know him by sight we also identified him by his ID card via phone

5. LIST THE PORTIONS OF THE INVESTIGATION THAT APPEAR TO SUPPORT THE CHARGES MADE AGAINST THE ACCUSED: C/O Report
C/O Statement

6. LIST THE PORTIONS OF THE INVESTIGATION THAT APPEAR ~~TO SUPPORT~~ THE ACCUSED REASONS, AND/OR DEFENSES: accused statement

COUNSEL SUBSTITUTE PRINTED NAME: B. Auxier TITLE: CS I

COUNSEL SUBSTITUTE SIGNATURE: B. Auxier DATE: 9-16-99

CS-10.11B REVISED 04/99



ClibPDF - www.fastio.com

ML - ML11 HEARING WORK SHEET 1999/09/16 11:39:30

CASE#: 20000017924, TDCJ # 00488767, NAME: HIGGS,THOMAS STEVE
CURRENT UNIT: ML, HOUSING: 8L32 63, CLASS: 4, CUSTODY: CC, TYPE:
OFFENSE DATE: 091599, TIME: 03 : 18 AM, LOCATION: ML 8 BUILDING
CHARGING OFFICER: SALAZAR, R. SHIFT/CARD: 2/A
OFFENSE CODES: A) 13 . 0, B) , C) , D)
DESCRIPTORS: A) AP, B), C), D)
PLEA: A) Not Guilty, B), C), D)
FINDING: A) Guilty, B), C), D)
HEARING LAPSE DATE: 100699, DHO: Cilsios, Captain CS: J Garty CS I B. Wiley CS I

DEFENSE: What I had was not alcohol it was cleaning supplies - I was cleaning the shower that night

I/m request the alcohol - denied - CS objects
CS94 F

HEARING NOTES:
A. CHARGING OFFICER'S STATEMENT: Salazar, R. not requested - required recess for charging officer; officer present
It was 2 Pod 3 Section. My picket boss informed me that 52 cell had alcohol. We called for the Sgt.
B.

I was present when Sgt Glew asked him what it was and offender admitted that it was his
NO

Sgt Glew can tell you I was never on 3 row
Objected to Sgt Glew not being called to make statement
9-20-99 1148 Resume 9-21-99

SUMMATION/MITIGATION NO Code 13.0 in past 180 X Days
offenders statement

Request leniency if found guilty
THIS CONCLUDES OUR PRESENTATION, OFFENDER HIGGS,THOMAS STEVE
WOULD YOU LIKE TO SAY ANYTHING ELSE? YES ✓, NO ___

| CS CHECK LIST: | YES | NO | N/A | | YES | NO | N/A |
|---|---|---|---|---|---|---|---|
| OFFENDER PRESENT | ✓ | | | NON-FRIVOLOUS EVIDENCE | ✓ | | |
| CS-14 | | ✓ | | CROSS EXAMINATIONS | ✓ | | |
| WITNESSES | | ✓ | | OBJECTIONS | ✓ | | |
| DOCUMENTARY EVIDENCE | | ✓ | | WAIVED 24 HOUR NOTICE | ✓ | | |
| ACKNOWLEDGED MODIFICATION | ✓ | | | CREDIT (PHD) | | ✓ | |
| MITIGATING | ✓ | | | ADDITIONAL INFO ON BACK | | ✓ | |

SANCTIONS ASSESSED:

| | | | | | |
|---|---|---|---|---|---|
| LOSS OF PRIV. | ___ | REPRIMAND | ___ | SOLITARY | ___ |
| RECREATION | 45 | EXTRA DUTY | ___ | REMAIN L 3 | ✓ |
| COMMISSARY | 45 | CONT. VISIT THRU | ___ | REDUC CLASS FROM ___ TO | ___ |
| PROPERTY | ___ | CELL REST | 30 | GOOD TIME LOSS | 319 |
| ___ | ___ | SPECIAL CELL | ___ | DAMAGES | $___ |

CS-13 REVISED 04/99

Appealable: (NO)/Yes 9

C

ClibPDF - www.fastio.com

**AFFIDAVIT**

**STATE OF TEXAS** §
§
**COUNTY OF WALKER** §

My name is Susan L. Schumacher. I am over twenty-one years of age, of sound mind, capable of making this Affidavit and personally acquainted with the facts herein stated.

I am employed as the Assistant Administrator of Offender Grievance for the Texas Department of Criminal Justice and my office is located in Huntsville, Texas. I do hereby certify that I am the custodian of Offender Grievance Records. I have reviewed the grievance records on Offender **Thomas Higgs**, TDCJ #488767, Cause Number C0089, and hereby certify that the attached documents requested for the time period of September 1999 to the present specifically regarding ***disciplinary case #2000017924***, are true and correct copies of the grievance records now on file in my office. I further certify that the records attached hereto are maintained in the usual and regular course of business at the Office of Offender Grievance for the Texas Department of Criminal Justice.

In witness whereof, I have hereto set my hand on this the 24th day of October 2000.

Susan L. Schumacher
Susan L. Schumacher
Assistant Administrator Offender Grievance
Texas Department of Criminal Justice

Before me, the undersigned authority Linda R. Richey on this day personally appeared Susan L. Schumacher, known to me to be the person whose name is subscribed to the foregoing instrument, and having been by me duly sworn on oath, acknowledged that she had executed the same for the purpose and consideration therein expressed and that the foregoing statements are true and correct.

Given my hand and seal of office on this the 24th day of October 2000.

Linda R. Richey
NOTARY PUBLIC in and for
The State of Texas

NOTARY PUBLIC STATE OF TEXAS
LINDA R. RICHEY
NOTARY PUBLIC
STATE OF TEXAS
My Commission Expires 06-17-2003

CVbPDF - www.fastio.com



Texas Department of Criminal Justice

# STEP 1 OFFENDER GRIEVANCE FORM

PASO 1

Forma Para Quejas de los Preso

| OFFICE USE ONLY |
|---|
| Para Uso De La Oficiana Solamente |
| Grievance #: 2000017037 |
| Date Received: OCT 11 1999 |
| Date Due: NOV 20 1999 |
| Grievance Code: 423 |
| Investigator Number: IO-209 |
| ☐ EM ☐ UOF ☐ MED |
| ☐ ADA ☐ REL ☐ SSI |

Offender Name: Thomas Steve Higgs TDCJ #: 488762

Unit: McConnell Housing Assignment: 8L [illegible] 27

Unit where incident occurred: McConnell

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Capt. Rois When? 9-20-99 & 9-27-99

What was their response? A Finding for guilty And Improper punishment!

What action was taken? A deniel for confrontation And a failure to Allow witness Rights.

State your grievance in the space provided. Please state who, what, when, where and disciplinary case number if appropriate.

Case #20000017924. On 9-20-99 Disciplinary Hearing tape #ML 125 Side #B And On 9-27-99 tape #ML 126 Side #A Capt. Rois did denied my Confrontation right by failing to Allow my "Key Witness" Such As Sgt. Glew who Could have testified or vouched on my behalf of free of guilt from every possessing Such an Alcholic Beverage. Who could have also testified or vouched that i was never in the area that Officer Salazar testified that i was in. And that i ask for the Container that i had to be tested. And that i only Admitted to only having hy-lite a Substanc that is used, to Clean the Showers. Capt Rois Shows no firmness by overlooking Officer Salazar Statement when he Said he did not witness me possess no Such Alcholic Beverage. So, how can this Officer write me up for possession of an Alcholic Beverage. Please be Sure to listen to tapes Thanks!

I-127 Front (9/1/1999) PLEASE SIGN ON BACK (OVER)

2

**Action Requested to Resolve your Complaint.**

That this Disciplinary Case be overturned And prohibit Capt. KOIS from using unfair decision on such inmates As Myself!

**Offender Signature:** Thomas L. Higgs **Date:** 9-28-99

**Administration's Decision**

☐ Mandatory referral to IAD (Grievance worksheet attached)

☐ No action warranted (Explain).

Disciplinary case # 20000017924 has been reviewed and no procedural errors were identified. It appears that there was sufficient evidence to support a guilty verdict. The punishment imposed was within established guidelines; therefore, there is no valid reason to warrant overturning this case.

**Signature Authority:** [signature] **Date:** 11-4-99

**If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the Step 1 response. State your reason for appeal on the Step 2 form.**

**Returned because:**

☐ 1. Grievable time period has expired.

☐ 2. Submission in excess of 1 every 7 days*

☐ 3. Original not submitted*

☐ 4. Inappropriate/excessive attachments*

☐ 5. No documented attempt at informal resolution.*

☐ 6. No requested relief is stated.*

☐ 7. Malicious use of vulgar, indecent, or physically threatening language directed at an individual.

☐ 8. The issue presented is not grievable.

☐ 9. No remedy exists.

☐ 10. Illegible/Incomprehensible*

☐ 11. Inappropriate (request is for employee disciplinary action or consequential or punitive damages).

*You may resubmit this issue once corrections are made.

UGI: __________

I-127 Back (9/1/1999)



ClibPDF - www.fastio.com

TDCJ DISCIPLINARY REPORT AND HEARING RECORD

CASE: 20000017934 TDCJNO: 00488767 NAME: HIGGS,THOMAS STEVE N6 EA:
UNIT: ML HSNG: 8L32 63 JOB: ML CC UTILITY IQ: 077
CLASS: L3 CUST: CC PRIMARY LANGUAGE: ENGLISH MHMR RESTRICTIONS: NO
GRADE: MA / NDJ OFF.DATE: 09/15/99 03:18 AM LOCATION: ML 8 BUILDING
TYPE: ID

OFFENSE DESCRIPTION

ON THE DATE AND TIME LISTED ABOVE, AND AT 8 BLDG L POD 1 SECTION 2 ROW, OFFENDER: HIGGS, THOMAS STEVE, TDCJ-ID NO. 00488767, DID POSSESS AN ALCOHOLIC BEVERAGE.

CHARGING OFFICER: SALAZAR, R. SHIFT/CARD: 2 A

OFFENDER NOTIFICATION IF APPLICABLE INTERPRETER

TIME & DATE NOTIFIED 0840 9-16-99 BY:(PRINT) [signature]
YOU WILL APPEAR BEFORE A HEARING OFFICER 24 HOURS OR MORE AFTER RECEIPT OF THIS NOTICE. DO YOU WANT TO ATTEND THE HEARING? YES NO IF NO, HOW DO YOU PLEAD? GUILTY NOT GUILTY
OFFENDER NOTIFICATION SIGNATURE: Thomas L Higgs DATE: 9-16-99
BY SIGNING BELOW, YOU GIVE UP YOUR RIGHT TO 24 HOUR NOTICE AND AUTHORIZE THE HEARING OFFICER TO PROCEED WITH THE HEARING.
OFFENDER WAIVER SIGNATURE: Thomas L Higgs DATE: 9-16-99

HEARING INFORMATION

HEARING DATE: 9-20-99 / 9-21-99 TIME: 11:48 / 6:240 TAPE# ML 425 SIDE B START# 459 END# 511
TAPE# ML 426 SIDE A START# 3 END#
EXPLAIN BELOW BY NUMBER: (1)IF COUNSEL SUBSTITUTE WAS NOT PRESENT DURING PART OF HEARING, (2)IF ACCUSED OFFENDER WAS CONFINED IN PRE-HEARING DETENTION MORE THAN 72 HOURS PRIOR TO HEARING, (3) IF ACCUSED WAS EXCLUDED FROM ANY PART OF THE EVIDENCE STAGE, (4) IF ANY WITNESSES OR (5) DOCUMENTATION WAS EXCLUDED FROM HEARING (6) IF OFFENDER WAS DENIED CONFRONTATION AND/OR CROSS-EXAMINATION OF A WITNESS AT THE HEARING (7) IF INTERPRETER USED:(SIGNATURE
Recess to Contact Charging officer. 9-20-99.

OFFENSE CODES 13.0
OFFENDER PLEA (G, NG, NONE) NG
FINDINGS: (G, NG, DS)
REDUCED TO MINOR(PRIOR TO DOCKET) (DOCKET) (HEARING) BY:(INITIAL)
IF GUILTY, EVIDENCE PRESENTED, CONSIDERED, AND REASON(S) FOR DETERMINATION OF GUILT: A)ADMISSION OF GUILT, B)OFFICER'S REPORT C)WITNESS TESTIMONY, D)OTHER
EXPLAIN IN DETAIL:
[illegible]

PUNISHMENT

| | | |
|---|---|---|
| LOSS OF PRIV(DAYS) 45 | REPRIMAND........ | SOLITARY(DAYS)........ X |
| *RECREATION(DAYS) 45 | EXTRA DUTY(HOURS)........ | REMAIN LINE 3........ |
| *COMMISSARY(DAYS) 45 | CONT.VISIT SUSP THRU 1 BO | REDUC.CLASS FROM __ TO S4 |
| *PROPERTY(DAYS).. | CELL RESTR(DAYS)........ | GOOD TIME LOST(DAYS). |
| * (DAYS).. | SPECIAL CELL RESTR(DAYS). | DAMAGES.........$ |

SPECIFIC FACTUAL REASON(S) FOR PARTICULAR PUNISHMENT IMPOSED: Due to seriousness

CREDIT FOR PRE-HEARING DETENTION TIME? YES(DAYS) N/A NO / NA
DATE PLACED IN PRE-HEARING DETENTION: N/A HEARING LENGTH (MINUTES)
OFFENDER SIGNATURE FOR RECEIPT OF FINAL REPORT: [signature]
Capt [signature]
HEARING OFFICER (PRINT) WARDEN STATE CLASS COMMITTEE MEMBER
(FORM I-47MA)CONTACT COUNSEL SUBSTITUTE IF YOU DO NOT UNDERSTAND THIS FORM.
(REV. 06-90) COMUNIQUESE CON SU CONSEJERO SUSTITUTO SI NO ENTIENDE ESTA FORMA



Texas Department of Criminal Justice

# STEP 2 OFFENDER GRIEVANCE FORM

PASO 2

Forma Para Quejas de los Preso

| OFFICE USE ONLY |
|---|
| Para Uso De La Oficiana Solamente |
| Grievance #: 2000017037 |
| UGI Rec'd Date: NOV 18 1999 |
| HQ Rec'd Date: ~~NOV 19 1999~~ |
| Date Due: 12-23 |
| Grievance Code: 423 405 410 |
| Investigator Number: 10370 |
| ☐ EM ☐ UOF ☐ MED |
| ☐ ADA ☐ REL ☐ SSI |

Offender Name: Thomas Steve Higgs TDCJ # 488767

Unit: McConnell Housing Assignment: 8-L-46

Unit where incident occurred: McConnell

Give reason for appeal (Be specific). I am dissatisfied with the response at Step 1 because...

This is an appeal from Disciplinary Case #20000017924 against offender Thomas Steve Higgs #488767 That on 9-20-99 That i totally disagree with the unit Disciplinary hearing officers And the warden's Decision And Reasons why which Rendered An incorrect Decision Due to the fact that the evidence used against me. A picture of three bottles and a bag of Said Achohic Beverage. The Same picture was used in case # ~~[redacted]~~ # 20000017914 Against offender Jackson, K which was confiscated out of L pod 3 section 52 cell. At that time my housing area was L-pod 3 Section 63 cell.

Issues: #1) Accordance to the offenders orientation handbook "(I-202) Printed Aug. 1997 (See Section # III. K #1. Contraband possession includes Having the item on the body of an offender Are Among his belongings at in his cell or Immediate living Area, no matter who owns the Item.

#2) Infrations was Reported improper (See Disciplinary Rules And procedures for Inmate See Section # I.A.1. and # 2.A.B.+C.) I never had the opportunity to make A Statement to the Charging officer or the Supervising officer on duty.

The Charging officer States on tape # ML 128 side B or ML 121 Side A. That he never Saw in my possessing any Alcoholic Beverage. The Charging officer also Stated that what i had in my possessing was one gallon Jug. At one time that nite i did admit to having a gallon Jug of hy-Lite that i was using to Clean the Showers with which was my Job assignment that particular night. I Ask the Charging officer to have the Jug that i had to be tested to prove its Ingridence.

Request to the fact finder: That the finding of guilt be based on and Supported by proof beyond A Reasonable doubt. And not the Charging officer testimony Alone.

I declare under penalty or perjury that the foregoin is true and correct to the best of my knowledge And can testify if called to my personal Knowledge Regarding the Enclosed information under oath.

Thomas S. Higgs #488767

Signed this 5th day of November, 1999

I-128 Front (9/1/1999) PLEASE SIGN ON BACK (OVER)





ClibPDF - www.fastio.com

Offender Signature: Thomas A. Higgs Date: 11-5-99

**Appellate Decision and Reason:**

- [x] The Step 1 answer has addressed your complaint. No action will be taken.
- [ ] You have not provided a good reason for your appeal or for this office to review your claims further. No action will be taken.
- [ ] The issue you raise has been resolved or is pending resolution and no further action is warranted.

he issues you present have already been reviewed. No further appeals of the same issues will be addressed. No action will be aken by this office.

Signature Authority: [signature] Date: DEC 07 1999

**Returned Because:**

- [ ] 1. Grievable time period has expired.
- [ ] 2. Illegible/Incomprehensible*
- [ ] 3. Originals not submitted*
- [ ] 4. Inappropriate/Excessive attachments*
- [ ] 5. Malicious use of vulgar, indecent, or physically threatening language directed at an individual. Inappropriate (request is for employee disciplinary action or consequential or punitive damages).

***You may resubmit this issue once corrections are made.** Grievance Staff: ______

**I-128 Back (9/1/1999)**



6

ClibPDF - www.fastio.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| *THOMAS STEVE HIGGS,* Petitioner, | § § § | |
| *V.* | § § | CIVIL ACTION NO. C-00-89 |
| *GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,* Respondent. | § § § § | |

**ORDER**

ON THIS DAY CAME before the court for consideration the Respondent Johnson's Motion for Summary Judgment with Brief in Support and the court, after considering the pleadings of the parties filed herein, is of the opinion that the following order should issue:

It is hereby ORDERED, ADJUDGED, and DECREED that Respondent Johnson's Motion for Summary Judgment is hereby GRANTED, and the instant petition for writ of habeas corpus is DISMISSED WITH PREJUDICE.

It is so ordered.

SIGNED this _____ day of __________________________, 200_.

______________________________
JUDGE PRESIDING

ClibPDF - www.fastio.com