Case 2:00-cv-00089   Document 22   Filed in TXSD on 02/14/2001

United States District Court
Southern District of Texas
ENTERED

FEB 15 2001

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| THOMAS STEVE HIGGS | § | |
| | § | |
| VS. | § | C.A. NO. C-00-089 |
| | § | |
| GARY L. JOHNSON | § | |

## MEMORANDUM AND RECOMMENDATION
## ON RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

In this habeas corpus action, petitioner Thomas Steve Higgs ("Higgs"), a Texas state prisoner, challenges as unconstitutional a September 20-21, 1999 prison disciplinary hearing that resulted in his loss of 319 days statutory good time (DE #1). Respondent moves for summary judgment arguing that Higgs received all the due process protections to which he was entitled and that some evidence supports the finding of guilty (DE #19). Higgs has failed to file a response to the summary judgment motion.[1] For the reasons stated herein, it is recommended that respondent's motion for summary judgment be granted and that Higgs' petition be denied.

### I. JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254.

### II. BACKGROUND

Higgs is in the custody of the Texas Department of Criminal Justice, Institutional Division ("TDCJ-ID") pursuant to a judgment and sentence for burglary of a building entered in Cause No. F88-

---

[1] Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition. See also Martinez v. Johnson, 104 F.3d 769 (5th Cir.) cert. denied, 522 U.S. 875, 118 S. Ct. 195 (1997)(affirming dismissal of habeas corpus petition for failure of petitioner to respond to motion for summary judgment).

83070-RM, styled <u>The State of Texas v. Thomas Steve Higgs</u>, in the 194th Judicial District Court of Dallas County, Texas. RSJ[2] Ex. A. Higgs does not challenge his burglary conviction in this proceeding. In this petition, Higgs complains of a September 20-21, 1999, prison disciplinary hearing that resulted in his loss of 319 days statutory good time credit. FP at 2.

On September 15, 1999, Higgs was incarcerated at the McConnell Unit, in Beeville, Texas.[3] FP at 2. According to the prison offense report, on that date Higgs was charged with possession of an alcoholic beverage. RSJ Ex. B at 2. The accusing officer, correctional officer R. Salazar, alleged that, at approximately 3 in the morning, he was informed by his picket officer that an offender had a jug with a liquid substance in it and was "acting suspicious." RSJ Ex. B at 3. The picket officer then told Officer Salazar that Higgs had placed the jug on some steps. RSJ Ex. B at 3. Officer Salazar went to investigate and found the jug that was full of "home made alcohol." RSJ Ex. B at 3.

On September 16, 1999, Higgs was notified of the charges against him. RSJ Ex. B at 2. Higgs waived his right to 24 hours notice of the hearing, and the hearing was held on September 20 and 21, 1999. RSJ Ex. B at 2. At the disciplinary hearing, Higgs, represented by counsel substitute, pled not guilty. RSJ Ex. B at 2. After considering the charging officer's offense report and statement, the disciplinary hearing officer ("DHO") found Higgs

---

[2] "RSJ" refers to respondent's motion for summary judgment (DE #19). "FP" refers to Higgs' federal petition (DE #1).

[3] Higgs has since been transferred to the Gib Lewis Unit in Woodville, Texas; however, he filed his habeas corpus petition with this Court while he was incarcerated at the McConnell Unit, FP at 2, and as such, jurisdiction is proper with this Court. <u>Wadsworth v. Johnson</u>, 235 F.3d 959 (5th Cir. 2000).

guilty of possession of an alcoholic beverage as charged. RSJ Ex. B at 2. As punishment, Higgs received 45 days loss of commissary and recreation privileges, 30 days cell restriction,[4] and forfeiture of 319 days good time credits. RSJ Ex. B at 2.

Higgs filed step 1 and step 2 grievances challenging his disciplinary conviction. FP at 3; RSJ Ex. C at 1-4. His conviction was affirmed on both appeals. FP at 5; RSJ Ex. C at 2-6.

Higgs filed the instant petition on February 28, 2000.[5]

### III. EXHAUSTION

A state prisoner challenging a prison disciplinary action must first exhaust his administrative remedies. Gatrell v. Taylor, 981 F.2d 254, 258 n.3 (5th Cir. 1993) (inmate challenging disciplinary hearing must first exhaust the TDCJ grievance procedures); Spaulding v. Collins, 867 F. Supp. 499, 502 (S.D. Tex. 1993) ("because this case involves a prison disciplinary action, it is not reviewable by state courts and is properly brought by federal habeas corpus petition to this court" after exhaustion of the TDCJ grievance procedure). Higgs has filed both step 1 and step 2 grievances, and as such, has sufficiently exhausted his remedies provided by the TDCJ-ID inmate grievance system. RSJ Ex. C at 2-6.

### IV. PETITIONER'S ALLEGATIONS

Higgs claims that he was denied due process at his disciplinary hearing because:

---

[4]The offense report indicates thirty days visitor restriction, but on the hearing tape, DE #12, the DHO states 30 days cell restriction.

[5]Higgs did not date his petition. See FP at 7.

3

1. He was denied his right to cross-examine the charging officer (FP at 5, "claim 1");

2. He was denied his right to call witnesses on his behalf, specifically, Officer Glew (FP at 5, "claim 2");

3. The DHO was [not] impartial (FP at 6, "claim 3");

4. There was insufficient evidence to support the conviction (FP at 6, "claim 4");

5. He was denied his right to appeal (FP at 6a, "claim 5");

6. His punishment violates double jeopardy (FP at 6a, "claim 6");

7. The regional director abused his discretion in denying Higgs' step 2 grievance (FP at 6a, "claim 7"); and

8. He was not found guilty by a preponderance of the evidence such that his state created liberty interests were violated (FP at 6a, "claim 8").

## V. DISCUSSION

### A. Challenges to prison disciplinary convictions.

Challenges to the loss of good time credits must be pursued in a habeas corpus proceeding. Preiser v. Rodriguez, 411 U.S. 475, 93 S. Ct. 1827 (1973)(habeas corpus is sole remedy in federal court for a prisoner seeking restoration of good time credits); Johnson v. Hardy, 601 F.2d 172 (5th Cir. 1979). See also Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994) and Edwards v. Balisok, 520 U.S. 641, 117 S. Ct. 1584 (1997) (prisoner seeking § 1983 damages for false disciplinary conviction must first demonstrate that conviction has been invalidated through habeas corpus). A conviction, for purposes of Preiser and Heck, includes a ruling in a prison disciplinary proceeding that results in a change to the prisoner's sentence, including the loss of good time credits. Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998). A

conviction in the prison disciplinary sense is "'the finding of guilt on the disciplinary charge...'" Clarke, 154 F.3d at 189 (citations omitted).

In this case, Higgs' challenge to his disciplinary conviction is properly maintained in a habeas corpus proceeding.

**B. Due process protections in prison disciplinary cases.**

Inmates have a protected liberty interest in earned good time credits. See Hewitt v. Helms, 459 U.S. 460, 103 S. Ct. 864 (1983); McCrae v. Hankins, 720 F.2d 863 (5th Cir. 1983). Any deprivation of this protected liberty interest must comport with due process. Superintendent, Mass. Correctional Institution v. Hill, 472 U.S. 445, 447, 105 S. Ct. 2768, 2770 (1985).

Procedurally, due process requires that an inmate be provided with (1) advance written notice of the disciplinary charges, (2) an opportunity to call witnesses and present documentary evidence when the presentation is not unduly hazardous to institutional safety and correctional goals, and (3) a written statement by the fact finder of the evidence relied upon and the reason for the disciplinary action. Wolff v. McDonnell, 418 U.S. 539, 563-67, 94 S. Ct. 2974, 2978-80 (1974).

Substantively, due process is not violated if "some evidence" supports a prison disciplinary board's revocation of statutory good time credits. Hill, 472 U.S. at 454, 105 S. Ct. at 2773. The Hill Court explained the "some evidence" standard as follows:

> Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

Hill, 472 U.S. at 455-56, 105 S. Ct. at 2774.

5

### C. Analysis of Higgs' claims.

The record establishes that Higgs was afforded all the due process protections to which he was entitled under <u>Wolff</u>. Higgs was advised of the charges against him and given advance written notice of the hearing. RSJ Ex. B at 2. He was provided with a counsel substitute to assist him at the disciplinary hearing. RSJ Ex. B at 2. According to the investigation worksheet, on September 16, 1999, Higgs' counsel substitute interviewed the charging officer and asked him if he wanted to make any additional statements; officer Salazar stated that Higgs had admitted that the alcohol was his. RSJ Ex. B at 8. In addition, Officer Salazar stated that he knew Higgs by sight and that he had identified him. RSJ Ex. B at 8.

Respondent has filed a copy of the disciplinary hearing tape in support of his motion for summary judgment.[6] The hearing tape reveals that, contrary to Higgs' assertion in his petition, Higgs, through his counsel substitute, was afforded the opportunity to cross examine the charging officer. In fact, the counsel substitute specifically asked Higgs what questions he wanted to pose to Officer Salazar, and then asked those questions of the witness. In response to Higgs' questions, Officer Salazar admitted that he did not see Higgs in possession of alcohol; however, he testified that Higgs claimed the alcohol was his. On cross examination, Officer Salazar further testified that, at the time of the offense, Higgs did not claim that the liquid was cleaning solution.

---

[6] The disciplinary hearing tape is filed at DE #12.

6

The hearing tape also reveals that on both September 20 and 21, Higgs' counsel substitute announced that, at the time Higgs was notified of the charges against him, he had no documentary evidence or witnesses to present in his defense. Following the testimony of Officer Salazar, Higgs stated that Officer Glew could testify that Higgs was not in the area where the alcohol was located. Higgs' counsel substitute asked for a recess to obtain the statement of Officer Glew, however, the DHO denied this request based on the fact that the charging officer had testified that Higgs had admitted to possession of the alcohol.

### 1. *Right to cross-examine charging officer (claim 1).*

Higgs claims that he was denied the right to cross-examine the charging officer, in violation of his due process rights. FP at 5.

The hearing tape refutes Higgs' claim that he was denied the right to cross-examine Officer Salazar. Moreover, even if he were denied the right of cross-examination, this claim does not raise a due process violation because there is no right to cross-examination in prison disciplinary hearings. Wolff, 418 U.S. at 567-68, 94 S. Ct. at 2980. See also Hallmark v. Johnson, 118 F.3d 1073, 1080 (5th Cir.), cert. denied, Monroe v. Johnson, 522 U.S. 1003, 118 S. Ct. 576 (1997)("confrontation and cross-examination of witnesses is not required in prison disciplinary hearings" under Wolff). This claim is without merit.

### 2. *Denial of right to call witnesses (claim 2).*

Higgs claims that he was not permitted to call Officer Glew as a witness.[7] FP at 5. This allegation states a claim under Wolff.

---

[7] Higgs argues that Officer Glew would have testified that Higgs possessed a bottle of cleaning material and was not in the area where the alcohol was found.

Wolff provides that an inmate faced with loss of earned good time credits be provided the opportunity to call witnesses, Wolff, 418 U.S. at 563-67, 94 S. Ct. at 2978-80. This right is a limited one and is available to the inmate only "when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." Wolff, 418 U.S. at 566, 94 S. Ct. at 2979. In fact, "[p]rison officials have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence."

While acknowledging that prison officials may deny an inmate's request for witnesses, the Supreme Court has noted that "it would be useful for the [DHO] to state [his] reasons for refusing to call a witness, whether it be for irrelevance, lack of necessity, or the hazards presented in individual cases." Ponte v. Real, 471 U.S. 491, 496, 105 S. Ct. 2192, 2195 (1985)(citations omitted). The reasons why witnesses were not allowed to testify may be included as part of the administrative record or may be identified later in a court proceeding in answer to a Wolff challenge. Ponte, 471 U.S. at 497, 105 S. Ct. at 2196.

In this case, it is undisputed that Officer Glew was not called to testify; however, Higgs did not indicate prior to the hearing that he wanted to call this witness, but only made the request after Officer Salazar had testified. See RSJ Ex. B at 7. Under these circumstances, there is no constitutional violation. See Banuelos v. McFarland, 41 F.3d 232, 234 (5<sup>th</sup>Cir. 1995) (no due process violation when the reason no witnesses were called was the fault of petitioner or his counsel substitute). Moreover, the

8

failure of the DHO to recess the hearing in order to bring another witness did not prejudice plaintiff. Officer Salazar had already testified that Higgs admitted possessing the alcohol, and thus the DHO had evidence to support a finding of guilty. There is no due process violation.

### 3. DHO not impartial (claim 3).

Higgs claims that he was denied due process because the DHO was not fair and impartial as evidenced by the DHO denying him the right to cross-examine the charging officer and denying his request for a recess to interview Officer Glew. FP at 6. As discussed *supra*, Higgs' cross-examination and denial of witness claims are without merit, and as such, cannot support Higgs' claim that the DHO was biased. Indeed, the record reflects that the DHO was fair and impartial; he afforded Higgs the opportunity to make a statement and to cross-examine the charging officer, and he noted on the record his reasons for rejecting Higgs' tardy request to call a witness. "'[M]ere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.'" Koch v. Puckett, 907 F.2d 524, 530 (5th Cir 1990), citing United States v. Woods, 870 F.2d 285, 288 n. 3 (5th Cir. 1989); Ross v. Estelle, 694 F.2d 1008, 1011 (5th Cir. 1983) ("[a]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition ... to be of probative evidentiary value."). Higgs is not entitled to relief on this claim.

### 4. Insufficient evidence (claim 4).

Higgs claims that there is insufficient evidence to support the finding of guilty of possession of an alcoholic beverage.

9

According to the offense report, the DHO found Higgs guilty based on the charging officer's written statement and his hearing testimony. RSJ Ex. B at 2,3. In his defense, Higgs argued both (1) that the liquid substance was cleaning solution, not alcohol and (2) that he was not in the area where the jug of alcohol was found. RSJ Ex. B at 9. In fact, this is not a challenge under Wolff, but a challenge to the disciplinary hearing officer's decision.

The disciplinary hearing officer, having considered all of the evidence, was entitled to make his own judgment as to the credibility and reliability of witnesses. Smith v. Rabalais, 659 F.2d 539, 545 (5th Cir. 1981), cert. denied, 455 U.S. 992, 102 S. Ct. 1619 (1982). Here, the charging officer noted in his offense report that his picket officer alerted him to "an offender with a jug who was acting suspicious" and that the picket officer then identified the offender as Higgs, and stated that Higgs had placed the jug "in one section on 2 row steps." RSJ Ex. B at 3. Officer Salazar went to investigate, and discovered that the substance was alcohol. RSJ Ex. B at 3. Higgs' counsel substitute interviewed Officer Salazar, who told her that he knew Higgs by sight, that he identified him, and that Higgs admitted to possessing the alcohol. RSJ Ex. B at 8. At the hearing, Officer Salazar testified to the same.

There is "some evidence" to support the disciplinary hearing officer's decision, and Higgs fails to offer any evidence to establish that the finding of the disciplinary hearing officer was either arbitrary or capricious based on the mere fact that the disciplinary hearing officer considered conflicting testimony. See Banuelos v. McFarland, 41 F.3d 232, 234 (5th Cir. 1995)("[t]he

10

findings of a prison disciplinary hearing will not be disturbed unless they are arbitrary and capricious"). Higgs is not entitled to relief on this claim.

### 5. *Denial of right to appeal (claims 5 and 7).*

Higgs claims that he was denied his right to appeal because, in his step 2 grievance, he "presented several new points of error," but the regional director did not consider his new arguments. FP at 6a. Higgs also argues that the regional director abused his discretion by referring to the denial of Higgs' step 1 grievance.

Higgs filed a step 1 grievance on September 28, 1999, arguing that he was denied his right to call witnesses and that it was error to not have the liquid tested. RSJ Ex. C at 2-3. His step 1 grievance was denied on November 4, 1999, with the grievance officer noting as follows:

> Disciplinary case # 20000017924 has been reviewed and no procedural errors were identified. It appears that there was sufficient evidence to support a guilty verdict. The punishment imposed was within the established guidelines; therefore, there is no valid reason to warrant overturning this case.

RSJ Ex. C at 3.

On November 5, 1999, Higgs filed a step 2 grievance. RSJ Ex. C at 5. In this grievance, Higgs argued that the picture of the jug of alcohol that was used to find him guilty was also used in a case against another offender who was housed in a different area. RSJ Ex. C at 5. Higgs also argued that, because Officer Salazar admitted to not seeing Higgs in possession of the alcohol, there was insufficient evidence to find him guilty. RSJ Ex. C at 5. On December 7, 1999, the regional director denied Higgs' step 2 grievance by checking a preprinted form that states:

"The Step 1 answer has addressed your complaint. No action will be taken."

RSJ Ex. C at 6.

The record wholly refutes Higgs' claim that he was denied his right to appeal. He filed step 1 and step 2 grievances and received a response to each. His claim that the regional director abused his discretion by finding that his grievance was adequately addressed in step 1 fails to raise a due process claim. Wolff does not mandate that Higgs is entitled to have different reasons articulated in his step 2 grievance. Higgs' appeal claims are without merit.

### 6. *Double jeopardy (claim 6).*

Higgs argues that his loss of good time violates double jeopardy because he now has to "re-serve" that time. FP at 6a. This claim fails because a guilty finding in a disciplinary hearing is not a conviction for purposes of double jeopardy. See Story v. Collins, 920 F.2d 1247, 1251 (5th Cir. 1991) (TDCJ-ID is not a state court and the application of good conduct time is not a judgment). See also Wadsworth v. Johnson, 235 F.3d 959, 962 (5th Cir. 2000)(citing Story for proposition that TDCJ-ID is not a state court). This claim is without merit.

### 7. *Violation of state liberty interest (claim 8).*

In his final claim, Higgs argues that, because he was not found guilty by a preponderance of the evidence, his state-created liberty interest in having guilt determined by such a ponderance has been violated. FP at 6a.

As previously noted, prisoners have a protected liberty interest in earned good time credits, and any deprivation of this protected liberty interest must comport with due process.

<u>Superintendent, Mass. Correctional Institution v. Hill</u>, 472 U.S. 445, 447, 105 S. Ct. 2768, 2770 (1985). In the prison disciplinary context, due process is satisfied if the decision is supported by "some evidence." <u>Hill</u>, 472 U.S. at 455-56, 105 S. Ct. at 2774. In <u>Hill</u>, the Court approved the discipline of an inmate for assault, even though it characterized the evidence as "meager":

> The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board [or DHO]. Instead, due process in this context requires only that there be some evidence to support the findings made in the disciplinary hearing.

<u>Hill</u>, 472 U.S. at 457, 105 S. Ct. at 2775.

In this case, Higgs' disciplinary conviction was based on the written report and testimony of the charging officer who stated that he knew Higgs and that Higgs had admitted to possessing the alcohol. There is some evidence to support the DHO's decision, and there is no basis to disturb the DHO's decision.

### VI. **RECOMMENDATION**

Higgs was afforded all the due process protections to which he was entitled under <u>Wolff</u>, and the DHO's finding of guilt is supported by some evidence. It is respectfully recommended that respondent's motion for summary judgment be granted and that Higgs' § 2254 petition for habeas corpus relief be denied.

Respectfully submitted this 14 day of February, 2001.

_____
JANE COOPER-HILL
UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).